LESTER J. McCOMB, Doing Business under the Firm Name and Style of L. J. McCOMB & SONS, Appellant, *v.* NEPTUNE BOILER & MACHINE WORKS, INC., Respondent.

*Sales — action to recover purchase price of six motors installed — action cannot be maintained under Personal Property Law, § 144, subd. 1, until title passes — tender of performance is not sufficient — seller must complete performance.*

Appeal from an order of the Supreme Court, made at the Kings Trial Term and entered in the Kings county clerk's office on January 10, 1923.

Order setting aside verdict and granting a new trial unanimously affirmed, with costs, upon opinion by Mr. Justice Callaghan at Trial Term. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

The following is the opinion of the court below:

CALLAGHAN, J.: The theory of the action is that plaintiff has completely performed his contract, and he seeks to recover the contract price. The plaintiff agreed to deliver and install six motors and furnish other materials and to do other work specified in the contract. He furnished some material and did a part of the work contracted for and furnished two of the motors. After the date specified in the contract for completing all the work he tendered to the defendant at its place of business four of the motors and demanded payment, stating that the motors would not be taken from the plaintiff's truck unless and until the payment was made. The defendant refused to make the payment, and the motors were taken away by the plaintiff. The contract provided in part: "Payments to be made as follows: Seven hundred and fifty dollars when material is delivered to your [defendant's] place and work started; $750 when work is nearly completed, and balance of $430 when certificates are issued." It is obvious that plaintiff proceeds under section 144, subdivision 1, of the Personal Property Law.* To come within the provisions of that law title to the property must pass from the seller to the buyer before an action for the contract price will lie. Title does not pass until the plaintiff performs the contract on his part to be performed. A tender is not performance, unless it has been so stipulated by the parties. It is plain by the terms of the contract sued upon that the parties contemplated a full performance of the contract before plaintiff was entitled to payment. The terms of payment specified leave no room for doubt on that question. The action is not for damages, but for the contract price. The plaintiff has not performed and is in no position to enforce payment. The verdict of the jury is set aside as contrary to law and a new trial ordered. (See *Economu* v. *Schwartz*, 198 App. Div. 726; *Reichbart* v. *Smith-Eisemann Corp.*, 199 id. 571.)

---

* Added by Laws of 1911, chap. 571.— [REP.